UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORONACIDE, LLC,

    Plaintiff,                                   CASE NUMBER: 8:20-cv-00816

v.

WELLNESS MATRIX GROUP, INC.,
and GEORGE TODT,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
WELLNESS MATRIX GROUP, INC.'S MOTION TO DISMISS FOR LACK
OF IN PERSONAM JURISDICTION AND FOR FORUM NON CONVENIENS**

    Pursuant to Rule 3.01, Local Rules, Plaintiff, CoronaCide, LLC ("CoronaCide" or "Plaintiff"), responds on the following grounds in opposition to the Motion to Dismiss for Lack of In Personam Jurisdiction and For Forum Non Conveniens [Dkt. 13] ("Defendant's Motion") filed by Defendant, Wellness Matrix Group, Inc. ("WM Group" or "Defendant"):

**I.    INTRODUCTION**

    Defendant's Motion should be denied in its entirety. This Court possesses personal jurisdiction over Defendant and the Middle District of Florida is a convenient and appropriate forum to address Defendant's tortious conduct, which harmed CoronaCide in this District. Defendant's Motion erroneously relies heavily on caselaw from the Ninth Circuit Court of Appeals, and none from within the Eleventh Circuit. Consequently, the Motion fails to address the controlling precedent regarding personal jurisdiction and *forum non conveniens*. Application of Eleventh Circuit's binding precepts and persuasive authority from the Middle District compels a denial of Defendant's Motion on both of its asserted grounds.

## II.   RELEVANT VERIFIED FACTS

CoronaCide's Manager, Dr. Edward Joseph Eyring, II, verified the allegations in the Complaint.  *See* Verified Complaint and Demand For Jury Trial ("Verified Complaint") [Dkt. #1], p. 14.  Those verified facts include the following:

   1. CoronaCide is a Florida limited liability company, with a primary office located in Tampa, Florida.  *Id.* at ¶ 6.

   2. CoronaCide is the exclusive importer and distributor of the CoronaCide COVID-19 IgM/IgG Rapid Tests (the "CoronaCide Test Kits") in the United States.

   3. WM Group falsely and deceptively advertised and offered for sale the CoronaCide Test Kits to the public during the worldwide COVID-19 pandemic and national emergency.  *Id.* at ¶ 1.

   4. WM Group posted and maintained altered images of the CoronaCide Test Kits on its websites, represented to the public that it was offering the Kits for sale, infringed the CoronaCide™ Trademark to mislead the public, and used CoronaCide's technical and clinical trial results information to sell test kits unknown to CoronaCide.  *Id.* at ¶ 3.

   5. WM Group's actions damaged CoronaCide's efforts to provide efficacious test kits to combat the COVID-19 pandemic.  *Id.* at  ¶ 4.

   6. WM Group used the www.cs-28.com and the www.stopcorona28.com websites (Defendants' Websites") to deceptively, falsely, and without any authorization from CoronaCide, advertise and market CoronaCide Test Kits (or counterfeits thereof).  *Id.* at ¶ 8.

   7. WM Group's deceptive and false actions damaged CoronaCide, based in Tampa, Florida.  *Id.* at 11.

Nothing in Defendant's Motion rebuts these verified facts.

## III.   WM GROUP's UNSUBSTANTIATED ALLEGATIONS

Defendant's Motion relies exclusively upon the Declaration of Barry G. Migliorini[1] (the

---

[1] The Motion to Dismiss inaccurately describes the Declaration as an "Affidavit" in the Table of Authorities section.  Motion to Dismiss, at p. 5.

2

"Migliorini Dec."). Yet, Defendant's Motion fails to cite to a single paragraph of the Migliorini Dec. Rather, comparing the purported "Statement of Facts" section of Defendant's Motion to the Migliorini Dec. shows that most of the "factual" assertions are not, in fact, supported by that declaration (or any competent evidence).

**_None_** of the five (5) paragraphs in the "Statement of Facts'" in the "Introduction" section are supported by the Migliorini Dec. Further, those "facts" are irrelevant to Defendants' Motion and are a transparent attempt to prejudice the Court against CoronaCide.

Paragraphs 7, 8, 9, 10, 11, 14, and 15.a.-j in "Section II. Statement of Facts" are also not supported by the Migliorini Dec. Even section III.A. of Defendant's Motion titled "Facts Relevant to Personal Jurisdiction" is largely unsupported by the Migliorini Dec. In particular, there is ***no evidentiary support*** for the statements of "fact" regarding Defendant George Todt in paragraphs 16, 18, 19, 20, 21, 22, 23, 24, 25, and 29.

Paragraph 28 of Defendant's Motion in section "III.A Facts Relevant to Personal Jurisdiction" is not only unsupported, it is demonstrably ***false***. CoronaCide pled specific allegations of wrongdoing against WM Group in the Verified Complaint. *See* Verified Complaint, at ¶¶ 2, 3, 8, 11, 20, 23, 24-29, and 32 -36.

## IV. ARGUMENT

### A. Defendant's Motion Wholly Ignores Controlling Eleventh Circuit Caselaw

As a preliminary matter, Defendant's Motion relies mainly on irrelevant and non-binding caselaw from the Ninth Circuit Court of Appeals. The Motion does *not cite a single case* from the Eleventh Circuit Court of Appeals or even from the U.S. District Court for the Middle District of Florida.

3

The Motion to Dismiss' cited Ninth Circuit caselaw is not only non-binding, but also unpersuasive because the jurisdictional and convenience analyses between the Circuits differ significantly. For example, as argued in detail below, the Eleventh Circuit requires this Court to first consider Florida's Long-Arm Statute in its personal jurisdiction analysis. The Ninth Circuit cases cited by WM Group do not. *See* Motion to Dismiss, at pp. 11-15. The Eleventh Circuit also requires the party seeking dismissal for forum non conveniens to demonstrate that the plaintiff can reinstate the lawsuit in the alternative forum "without undue inconvenience of prejudice."[2] The Ninth Circuit cases cited by Defendant do not. *See id.* at pp. 15-20.

For these reasons alone, Defendant's Motion should be denied.

**B. This Court Has Personal Jurisdiction Over Defendant WM Group**

    **1. The Eleventh Circuit's controlling personal jurisdiction analysis.**

To prevail on a motion to dismiss for lack of personal jurisdiction, the plaintiff must plead sufficient facts to establish a *prima facie* case of jurisdiction over the defendant. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999). The Court must accept the factual allegations in the complaint as true to the extent they are not controverted by the defendant's affidavits. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). If the defendant has refuted the personal jurisdiction allegations through an affidavit or other competent evidence, then the plaintiff must substantiate its jurisdictional allegations through an affidavit, testimony, or other evidence. *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000). "If the plaintiff's complaint and the defendant's evidence conflict, the district court *must construe all reasonable*

---

[2]     *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

*inferences in the plaintiff's favor.*"  *Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc.*, 322 Fed. Appx. 852, 854 (11th Cir. 2009) (emphasis added).

To determine whether the Court may properly exercise personal jurisdiction over a defendant, the Court uses a two-step analysis. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, where, as here, jurisdiction is premised on a federal statute that does not provide for service of process[3], the Court is directed to look at the Florida Long-Arm Statute. *Id.* If Florida's Long-Arm Statute is satisfied, then the Court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Id.*

**2. WM Group's intentionally tortious conduct satisfies Florida's Long-Arm Statute.**

Defendant's Motion critically, and tellingly, ignores Florida's Long-Arm Statute. Perhaps the reason is that Florida's Long-Arm Statute is satisfied here. The unrebutted factual allegations in the Verified Complaint are sufficient to subject WM Group to Florida's Long-Arm Statute. The Verified Complaint alleges personal jurisdiction is based upon WM Group's tortious actions which harmed CoronaCide in Tampa, Florida in the following paragraphs:

> 6. Plaintiff, CoronaCide, is a Florida limited liability company, with a primary office located in Tampa, Florida.
>
> 11. This Court possess personal jurisdiction over Defendant WM Group because WM Group has caused harm to CoronaCide, which is based in Tampa, Florida by deceptively and falsely advertising and offering for sale CoronaCide Test Kits through Defendants' Website, infringing CoronaCide's trademarks, and engaging in unfair competition in violation of the Lanham Act and Florida's Unfair and Deceptive Trade Practices Act.
>
> 36. As a direct and proximate result of Defendant's conduct, CoronaCide has suffered irreparable injury to its business including harm to its goodwill and

---

[3] The Verified Complaint asserts a claim for violation of Section 43 (a) of the Lanham Trademark Act, 15 U.S.C. 1125 (a) (the "Lanham Act"). The Lanham Act does not address service of process. *See* 15 U.S.C. § 1125(a).

5

> reputation, and damages, and is likely to suffer continued irreparable injury and damages unless Defendants' use of the CoronaCide™ Trademark and the Defendants' Deceptive CoronaCide Content are enjoined by this Court.
>
> 44. The consuming public exposed to Defendants' use of the CoronaCide™ Trademark and the Defendants' Deceptive CoronaCide Content are likely to believe that Defendants are affiliated, connected, or associated with CoronaCide, resulting in a loss of goodwill to CoronaCide.
>
> 45. Some members of the consuming public exposed to Defendants' use of the CoronaCide™ Trademark and the Defendants' Deceptive CoronaCide Content are also likely to believe that they can purchase CoronaCide Test Kits from Defendants, when in fact they cannot, resulting in a loss of goodwill to CoronaCide and harm to CoronaCide's reputation.
>
> 47. CoronaCide has suffered and continues to suffer damages as a result of the Defendants' unfair competition in violation of the Lanham Act.
>
> 51. As a direct result of Defendants' deceptive and unfair practices, CoronaCide has suffered and continues to suffer damages.

None of these verified facts are rebutted by the Migliorini Dec.

Florida's Long-Arm Statute, Section 48.193(1)(a)2, Florida Statutes, provides in relevant part that:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of this state for any cause of action arising from any of the following acts:
> ….
> Committing a tortious act within this state.

"The Eleventh Circuit has adopted a broad interpretation of this provision, concluding that a non-resident defendant commits a tortious act within Florida when he commits an act outside the state that causes injury within Florida." *Thursday LLC v. Klhip Inc.*, 2018 U.S. Dist. LEXIS 150845, *7 (M.D. Fla. 2018) (Honeywell, J.), citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1353, 1353-54 (11th Cir. 2013).

The Verified Complaint's jurisdictional allegations easily satisfy the requirements of Florida's Long-Arm Statute.  Paragraph 11, together with the other factual allegations of WM Group's deceptive and false advertising, unauthorized use of the CoronaCide™ Trademark, and anticompetitive acts contain "enough factual material to make out a *prima facie* case that [WM Group is] subject to Florida's Long-Arm Statute." *See Id.* at *12-13 (allegations that defendants deliberately, improperly interrupted plaintiff's business, that the interruption caused harm, and plaintiff's principal place of business was in Clearwater made a *prima facie* showing that defendants were subject to the Long-Arm Statute); *see also SPM Thermo-Shield, Inc. v. SICC, GmbH,* 2015 U.S. Dist. LEXIS 153859, *12-13 (M.D. Fla. Nov. 13, 2015) (allegations defendant misappropriated plaintiff's marketing materials which caused injury to plaintiff in Florida were sufficient to invoke Florida's Long-Arm Statute).

WM Group proffers **no evidence** to refute the Verified Complaint's jurisdictional facts. Although WM Group submitted the Migliorini Dec., it *does not refute* CoronaCide's *prima facie* case of personal jurisdiction. Nothing in the Migliorini Dec. rebuts the jurisdictional allegations. The Migliorini Dec. does *not* dispute that:

- CoronaCide is a Florida limited liability company;
- CoronaCide's primary office is based in Tampa, Florida; or
- CoronaCide has suffered damages and irreparable injury as a result of WM Group's tortious actions.

Because "the Declaration fails to even suggest that [WM Group]'s alleged conduct did not cause harm within Florida …. the [Declaration] is insufficient to refute [CoronaCide]'s *prima facie* case of personal jurisdiction." *See Thursday LLC*, 2018 U.S. Dist. LEXIS 150845 at *14.

Consequently, CoronaCide sufficiently alleged specific personal jurisdiction over WM Group under the Florida Long-Arm Statute. *Id.; SPM Thermo-Shield*, 2015 U.S. Dist. LEXIS 153859 at *12-13.

### 3. WM Group's intentionally tortious conduct satisfies due process.

Due process requires: first, that the defendant have "minimum contacts" with the forum and second, that the "exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S. Ct. 154 (1945); *see also Brennan,* Fed. Appx. at 854.

WM Group's multiple, anti-competitive acts aimed at CoronaCide, a Florida LLC, satisfies due process' two-step analysis.

#### a. **WM Group's tortious acts constitute sufficient minimum contacts**

First, WM Group has sufficient "minimum contacts" with the forum. For the minimum contacts analysis, due process demands that the defendant have a "fair warning" that he may be subject to suit there. *Brennan*, 322 Fed. Appx. at 855. "This 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation arises from alleged injuries that 'arise out of or relate to' those activities." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). "Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum state." *Brennan*, 322 Fed. Appx. at 855 (emphasis in original).

A single act can constitute sufficient minimum contacts if the purposeful conduct creates a "substantial connection" with the forum. *Id.* at 856 "Intentional torts are such acts." *Id.* **A single**

**intentional tort aimed at the plaintiff in the forum state is sufficient to confer personal jurisdiction even if the defendant has no other contacts with the forum.** *Calder v. Jones,* 465 U.S. 783, 790, 104 S. Ct. 1482 (1984); *Brennan*, 322 Fed. Appx. at 856. In *Calder*, the Supreme Court held that the Florida newspaper's allegedly libelous article aimed at the plaintiff who resided in California was sufficient to confer jurisdiction in California based on the "effects" in California of the defendant's Florida conduct. *Calder*, 465 U.S. at 789; *Licciardello*, 544 F.3d at 1285-86.

The Eleventh Circuit applies the "effects test" to determine whether sufficient minimum contacts exist in a case involving intentional torts. *Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 121 n.28 (11th Cir. 2009). That test requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing injury within the forum that the defendant should have reasonably anticipated. *Id.*

The Verified Complaint's allegations establish that WM Group has sufficient minimum contacts with the forum under *Calder* and the Eleventh Circuit's "effects test". The Verified Complaint alleges in relevant part that WM Group:

- posted altered images of CoronaCide's COVID-19 test kits, without CoronaCide's authorization, on its Websites;

- represented to the public that it was offering CoronaCide's COVID-19 test kits for sale even though CoronaCide never sold a test kit to WM Group and did not authorize such sales;

- took text and images from CoronaCide's materials for the CoronaCide Test Kits, altered some text and images, and posted them on WM Group's Websites without CoronaCide's authorization;

- took CoronaCide's Brochure, altered it by replacing the CoronaCide™ Trademark with "CoronaStop 28" and "StopCorona28.com", and posted that altered brochure on WM Group's Websites without CoronaCide's authorization; and

9

- "deliberately, intentionally, willfully, and in bad faith" used the CoronaCide™ Trademark and Defendants' Deceptive CoronaCide Content[4].

Verified Complaint, Dkt. # 1, at ¶¶ 3, 22, 23, 25, 26, and 32.

The Verified Complaint further alleges that WM Group's tortious acts damaged CoronaCide in Florida:

- WM Group's actions have damaged "CoronaCide's efforts to provide efficacious test kits to combat the COVID-19 pandemic and help re-start the economy";

- CoronaCide "is a Florida limited liability company with a primary office located in Tampa, Florida";

- "WM Group has caused harm to CoronaCide, which is based in Tampa, Florida";

- "[a]s a direct and proximate result of [WM Group's] conduct, CoronaCide has suffered irreparable injury to its business including harm to its goodwill and reputation, and damages;"

- "CoronaCide has suffered and continues to suffer damages as a result of [WM Group's] unfair competition in violation of the Lanham Act"; and

- "[a]s a direct result of [WM Group's] deceptive and unfair practices, CoronaCide has suffered and continues to suffer damages."

*Id.* at ¶¶ 4, 6, 36, 47, and 51.

These verified allegations of WM Group's multiple, intentionally tortious acts directly aimed at and which harmed CoronaCide, with its principal place of business in Tampa, Florida, are sufficient "minimum contacts." *See Licciardello*, 544 F.3d at 1288 (defendant's unauthorized use of Florida plaintiff's trademark on a website satisfied *Calder* effect test); *Thursday*, 2018 U.S. Dist. LEXIS 150845 at *17 (defendants' false complaints to Amazon about plaintiff's business

---

[4] "Defendants' Deceptive CoronaCide Content" is defined as CoronaCide's materials, texts, and images for the CoronaCide Test Kits that Defendants took, copied, altered, and posted on Defendants' Websites. Verified Complaint, Dkt. #1, at ¶ 28.

...

satisfied *Calder* where plaintiff felt effects of harm in Florida where its business was principally located).

### b. **The fair play and substantial justice considerations are satisfied**

This Court's exercise of personal jurisdiction over WM Group also comports with "fair play and substantial justice." In this analysis, the Eleventh Circuit directs the Court to evaluate:

> the burden on the defendant of litigating in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute.

*Licciardello*, 544 F.3d at 1284.

WM Group can hardly complain about the burden of litigating here compared to California. WM Group's sole counsel in this case is based in Tampa, Florida. *See* Dkt. #s 12, 13. WM Group has not engaged California counsel and has not declared any intention to do so. Thus, it will not experience increased legal costs if the suit is maintained here. Any burden to WM Group to litigate in the Middle District of Florida "is mitigated by modern transportation"[5], and "can largely be eliminated by the use of telephonic hearings and conferences."[6]

Moreover, under controlling Eleventh Circuit precedent, the burden of litigating in a forum *cannot* be shifted from Defendant to Plaintiff, CoronaCide. A "Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." *Licciardello*, 544 F.3d at 1474-75 (citing *Calder*, 465 U.S. at 790).

---

[5] *Thursday*, 2018 U.S. Dist. LEXIS at *18.
[6] *SPM Thermo-Shield*, 2015 U.S. Dist. LEXIS at 15.

11

Moreover, this forum has an interest in the dispute, "Florida has a **_very strong interest_** in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288 (emphasis added).

Florida's Long-Arm Statute and the constitutional concerns of fair play and substantial justice are satisfied by this Court's exercise of personal jurisdiction over WM Group. Thus, the Court should deny the Motion to Dismiss based on lack of personal jurisdiction.

### C. The Court Should Not Dismiss Pursuant To Forum Non Conveniens

WM Group's argument that the Verified Complaint should be dismissed based on the doctrine of forum non conveniens, fares no better than its first. WM Group again failed to provide this Court with any authority within the Eleventh Circuit. WM Group mainly relies instead on irrelevant Ninth Circuit cases.

#### 1. Eleventh Circuit's controlling forum non conveniens analysis

"A defendant invoking forum non conveniens bears a *heavy burden* in opposing the plaintiff's chosen forum." *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009)(emphasis added). "The plaintiff's choice of forum *should not be disturbed* unless the movant can show that it is *clearly outweighed* by other considerations." *Lopes v. DWB Holding Co.*, 2010 U.S. Dist. LEXIS 149446, *28 (M.D. Fla. July 1, 2010)(emphasis added).

The movant must show that "(1) there is an alternate forum for the litigation that is both adequate and available, (2) the balance of private and public factors favors dismissal, and (3) the plaintiff is able to reinstate his suit in the alternate forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). The defendant "has the burden of persuasion as to all elements." *Id.*

### 2. WM Group did not carry its heavy burden to demonstrate an alternative forum that is "adequate and available"

As a preliminary matter, WM Group *has not even identified an alternative forum.* Instead, WM Group conclusory asserts that "Defendant is unquestionably subject to the jurisdiction of the California federal courts", but does not identify *which* federal court. *See* Motion to Dismiss, at p. 16. California has four (4) different federal district courts.[7] WM Group also conclusory asserts that "California provides a valid forum for deciding those claims." *Id.* It is unclear whether WM Group is referring to the California *state* court or *federal* court system. If WM Group meant the California state courts, then WM Group failed to identify *which* state court is the alternative forum, as well. *Id.*

Regardless of whether WM Group argues that a federal or state court was an adequate alternative forum, WM Group failed to set forth any facts demonstrating *why* any alternative forum in California is "adequate and available." *See id.* at pp. 15-20.

### 3. The balance of private and public factors favor this forum

#### a. The Eleventh Circuit's factors' analysis

For the private factors, the Eleventh Circuit directs this Court to consider:

> the relative ease of access to sources of proof; the availability of compulsory processes for unwilling witnesses; the cost of witnesses; the ability to view premises, if such viewing is relevant and appropriate to the case; and all other practical problems relating to the ease, expeditiousness, and expense of trial.

*McLane v. Los Suenos Marriott Ocean & Golf Resort*, 476 Fed. Appx. 831, 832 (11th Cir. 2012).

As for the public factors, the Court must consider: "the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is

---

[7] www.fjc.gov/history/courts/u.s.-district-courts-districts-California.com.

13

at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Goldstein v. Hard Rock Café Int'l (USA), Inc.,* Fed. Appx. 653, 655 (11th Cir. 2013).

In evaluating these factors, the Court "should weigh in the balance a strong presumption against disturbing plaintiff's initial forum choice." *McLane,* 476 Fed. Appx. At 833 "[T]here is normally a strong presumption that the plaintiff has chosen a sufficiently convenient forum, and **defendants in such cases are required to prove 'vexation' and 'oppressiveness' that are 'out of all proportion' to the plaintiff's convenience.**" *Leon v. Millon Air, Inc.*, 251 F. 1305, 1314-15 (11th Cir. 2001)(emphasis added). "If the Court finds the balance of facts to be close, dismissal based on *forum non conveniens* is inappropriate because the defendant invoking the doctrine has the burden to show that the facts 'strongly favor' trial in the alternative forum. *Huntington Nat'l Bank v. Jesus Film Project*, 2019 U.S. Dist. LEXIS 106249, *7 (M.D. Fla. Feb. 28, 2019)(citing *Wilson,* 590 F.3d at 1268).

The Eleventh Circuit requires that the weighing of the private and public factors be based upon "issues framed by the parties and an evidentiary record, not speculation as to what witnesses and documents might be relevant and where they might be located." *Zelaya v. De Zelaya*, 250 Fed. Appx. 943, 947 (11th Cir. 2007).

> A district court must delineate what issues will be dispositive and where the evidence relevant to those issues will be found. To the extent that the location of this evidence is disputed, the appellee, as defendant, will bear the burden of showing that this evidence is inaccessible or inconvenient to the forum

*Id.*

### b. WM Group has not shown and cannot show the private factors balance in favor of a forum other than the Middle District of Florida

Although WM Group ignores this requirement, the Court must consider the private factors based upon CoronaCide's claims of unfair competition in violation of the Lanham Act and violation of Florida's Deceptive and Unfair Trade Practices Act. These claims are based upon WM Group's use, alteration, and internet posting of the CoronaCide™ Trademark, the CoronaCide Brochure, the CoronaCide Product Insert, and material taken from CoronaCide's website.

The Motion to Dismiss does *not* identify a *single* witness to these issues who may be unwilling to testify at a deposition or trial, or whose testimony cannot be compelled by a subpoena, simply because the action is pending in the Middle District of Florida. *See* Motion to Dismiss, Dkt. # 13, at pp. 15-20; Migliorini Dec. at ¶¶ 1-20. The only individuals identified in the Migliorini Dec. are Dr. Joe Eyring, the Manager of CoronaCide, and the other defendant to the action, George Todt. WM Group does not argue that either of these individuals would be unwilling to testify at a deposition or trial if the action remains here. *See id.* Additionally, WM Group has *not* identified any cost or inconvenience issues for any witnesses if the action remains in the Middle District of Florida. *See id.*

The convenience of witnesses instead favors the Middle District of Florida. As the Migliorini Dec. acknowledges, Dr. Joe Eyring, is a witness to CoronaCide's claims. *See* Migliorini Dec. at ¶¶ 4, 14, and 18. Dr. Eyring verified the allegations in the Verified Complaint. *See* Verified Complaint, Dkt. #1, at p. 14. There are two other witnesses with knowledge of the issues framed by the Verified Complaint: Will and Phoebe Ezell. *See* Declaration of Dr. Edward Joseph Eyring

15

II at ¶¶ 4-10. [8] Mr. and Mrs. Ezell work out of CoronaCide's Tampa office location, designed and created all of the marketing materials for the CoronaCide Test Kits, and have knowledge regarding the materials that Defendant took, altered, and posted on its websites. *Id.* at ¶¶ 3-10. In addition, employees from Medical Specialties Group Of Louisiana, LLC ("MSGOFLA") have knowledge regarding Defendant's attempted purchase of the CoronaCide Test Kits. *Id.* at ¶ 15. Although MSGOFLA is based in Pensacola, Florida, Dr. Eyring has met its employees in Tampa, and Tampa is obviously a more convenient forum for them than anywhere in California. *Id.* at ¶ 13-14.

The ease of access to sources of proof also balance in favor of the Middle District of Florida. "To the extent that the location of this evidence is disputed, the … defendant, will bear the burden of showing that this evidence is inaccessible or inconvenient to the forum." *Zelaya v. De Zelaya*, 250 Fed. Appx. 943, 947 (11th Cir. 2007). WM Group did not identify any evidence relevant to the issues in the case that are inaccessible or inconvenient to the Middle District of Florida. *See* Motion to Dismiss, Dkt. #13, at pp. 15-20; Migliorini Dec., Dkt. #13-1, at ¶¶ 1-20. Although WM Group argues that the "allegedly infringing websites are also operated from California and were built in California," it does not explain why the location of the build-out of the website is relevant to the issues in the case. WM Group does not even explain how such a fact renders the websites inaccessible to this District.

As framed by the allegations in the Verified Complaint, the relevant sources of proof are the webpages of the CoronaCide's website and WM Group's websites attached as Exhibits A, D, E, G to the Verified Complaint. The relevant sources of proof also include the text and images

---

[8] Hereinafter, referred to and cited as "Dr. Eyring Dec." Declaration of Dr. Edward Joseph Eyring is attached hereto as Exhibit A.

taken from the CoronaCide Test Kits, the CoronaCide Brochure, and the CoronaCide Product Insert, all of which are located at CoronaCide's office in Tampa, Florida. Dr. Eyring Dec. at ¶ 11.

### c. The WM Group has not shown and cannot show that the public factors <u>favor an alternative forum</u>

Although the public interest factors should be considered *only if* this Court finds the "balance of private interests to be in equipoise or near equipoise," [9] which is not the case here, the public interest factors nevertheless favor this forum. "Florida has a public interest in deciding a dispute that involves its residents and the potential violation of its laws." *Lopes*, 2010 U.S. Dist. LEXIS 149446 at * 33. CoronaCide is a Florida LLC with its primary office located in Tampa, Florida. Verified Complaint, Dkt. # 1, at ¶ 6. Additionally, CoronaCide has brought a claim under Florida's Deceptive and Unfair Trade Practices Act. *Id.* at ¶¶ 48-51. "[T]he interest in having the trial of a … case in a forum that is at home with the governing law weighs **heavily** against dismissal." *State Farm Mut. Auto. Ins. Co. v. Epright*, 2015 U.S. Dist. LEXIS 158776, *21 (M.D. Fla. Nov. 24, 2015)(emphasis added). The Middle District is at home with Florida's governing law. Moreover, it would be unfair to burden California residents with jury duty to resolve a Florida statutory violation. *See id.*

WM Group has provided no evidence or legal authority to support its argument that the public interest factors favor California. Instead, WM Group conclusory asserts that "[t]he burden on this Court and the jury would be extreme in this case because the witnesses and documents are in California." Motion to Dismiss, at p. 18. WM Group fails to explain why or how the location of witnesses and documents imposes an "extreme burden" on the Court and jury. WM Group's

---

[9]   *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004).

final argument, that "there is likewise no local interest in having this matter resolved in Florida" is simply not true given CoronaCide is a Florida LLC and sued WM Group for violation of Florida statutory law.

> **4. WM Group has not met its heavy burden to establish that CoronaCide will be able to reinstate its lawsuit in another forum without undue inconvenience or prejudice.**

WM Group's Motion to Dismiss utterly fails to address the inconvenience or prejudice to CoronaCide if this Court requires it to refile its lawsuit in California. Thus, WM Group failed to meet its burden to show the Court this factor "clearly outweighs" CoronaCide's choice of forum.

Nor could WM Group ever meet this burden as CoronaCide will suffer great inconvenience and prejudice if it is forced to restart this litigation in California. To file suit in California, CoronaCide would have to engage and brief new counsel on all of the facts already known to its counsel of record based in Tampa, Florida. California counsel would have to redraft the complaint to meet the California court's procedural and pleading requirements. California counsel would also have to research and become familiar with Florida's Deceptive and Unfair Trade Practices Act. Finally, after the new complaint is filed, CoronaCide would have to bear the cost of process issued and served again on both defendants. Given the undue inconvenience and prejudice to CoronaCide if forced to reinstate its lawsuit elsewhere, this factor clearly does not outweigh CoronaCide's choice of forum here.

For all these reasons, the Court must deny the Defendant's Motion based on *forum non conveniens*.

## **CONCLUSION**

This Court may properly exercise personal jurisdiction over WM Group, and the Middle District of Florida is a convenient forum for CoronaCide's claims. For these reasons, as well as those set forth above, the Court should deny the Motion to Dismiss in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2020, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will cause notice to be served to counsel for the Defendant, Andrew S. Kanter, Esq., Law Office of Andrew S. Kanter, PLLC, P.O. Box 173378, Tampa, Florida 33672, Email: akanter@akanterlaw.com.

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bmayer@feejeffries.com

*and*

/s/ Anton Hopen
Anton Hopen
Florida Bar No. 66877
SMITH & HOPEN, P.A.
180 Pine Avenue North
Oldsmar, Florida 34677
(813) 925-8505
ah@smithhopen.com
intake@smithhopen.com

*Counsel for Plaintiff,*
*CoronaCide, LLC*