UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORONACIDE, LLC,                                    CASE NO.:  8:20-cv-00816-CEH-AAS

      Plaintiff,

v.

WELLNESS MATRIX GROUP, INC.,
and GEORGE TODT,

      Defendants.
_____/

## UNOPPOSED MOTION TO WITHDRAW

The Law Office of Andrew S. Kanter, PLLC, counsel for Defendant, WELLNESS MATRIX GROUP, INC. ("WMGR"), moves this Honorable Court for permission to withdraw as counsel, and advises the Court as follows:

1.    Pursuant to this Honorable Court's Case Management and Scheduling Order dated April 9, 2020, Plaintiff and Defendant(s) need to confer in order to address the discovery plan along with setting deadlines for any other hearings necessary to resolve this matter up to and including trial.

2.    WELLNESS MATRIX GROUP, INC. has a pending Motion to Dismiss that may remove this matter from the jurisdiction of this Honorable Court.

3.    Notice has been given to Plaintiff and Defendant.

4.    Ample time remains for WELLNESS MATRIX GROUP, INC. to procure new counsel.

5.    No circumstances in this case would work to cause any unusual hardship on WELLNESS MATRIX GROUP, INC.

6. Irreconcilable differences have arisen between WELLNESS MATRIX GROUP, INC. and Law Office of Andrew S. Kanter, PLLC, such that withdrawal by Law Office of Andrew S. Kanter, PLLC, as counsel in this matter is appropriate.

7. Rule 4-1.16(b), Florida Rules of Professional Conduct, states:

**When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

**(c) Compliance With Order of Tribunal.** A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

**(d) Protection of Client's Interest.** Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers and other property relating to or belonging to the client to the extent permitted by law.

8. As set forth in the foregoing paragraphs, withdrawal in this matter can be accomplished without material adverse effect on the interests of the client. WELLNESS MATRIX GROUP, INC. was first notified of Law Office of Andrew S. Kanter, PLLC's intent to

withdraw in writing via telephonic communications through its legal counsel retained in California, William H. Dailey, on July 1, 2020. California counsel has been informed of any pending issues and agreed to this withdrawal on behalf of WELLNESS MATRIX GROUP, INC.

WHEREFORE, for the foregoing reasons, Law Office of Andrew S. Kanter, PLLC, respectfully requests this Honorable Court enter an Order permitting Law Office of Andrew S. Kanter, PLLC, to withdraw as counsel for WELLNESS MATRIX GROUP, INC.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Richard E. Fee, Esq. and Kathleen M. Wade, Esq., FEE & JEFFRIES, P.A., 1227 N. Franklin Street, Tampa, FL 33602; rfee@feejeffries.com; kwade@feejeffries.com; bmayer@feejeffries.com; Anton Hopen, Esq., SMITH & HOPEN, P.A., 180 Pine Avenue North, Oldsmar, FL 34677; ah@smithhopen.com; intake@smithhopen.com.

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: None.

/s/ANDREW S. KANTER, ESQ.
ANDREW S. KANTER, ESQ.
Florida Bar No.: 0037584
akanter@akanterlaw.com
LAW OFFICE of ANDREW S. KANTER, PLLC
P.O. BOX 173378
Tampa, FL 33672
(813) 527-0768 TELEPHONE
LOCAL COUNSEL for Defendant, WMGR