UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORONACIDE, LLC,                                        CASE NO.:  8:20-cv-00816-CEH-AAS

    Plaintiff,

v.

WELLNESS MATRIX GROUP, INC.,
and GEORGE TODT,

    Defendants.
_____/

**<u>DEFENDANT COUNSEL'S SECOND MOTION TO WITHDRAW</u>**

The Law Office of Andrew S. Kanter, PLLC, counsel for Defendant, WELLNESS MATRIX GROUP, INC. ("WMGI"), moves this Honorable Court for permission to withdraw as counsel, and advises the Court as follows:

1. Pursuant to this Honorable Court's Case Management and Scheduling Order dated April 9, 2020, Plaintiff and Defendant(s) conferred to address the discovery plan along with setting deadlines for any other hearings necessary to resolve this matter up to and including trial.

2. WELLNESS MATRIX GROUP, INC. has a pending Motion to Dismiss that may remove this matter from the jurisdiction of this Honorable Court.

3. Notice has been given to both Plaintiff and Defendant.

4. Ample time remains for WELLNESS MATRIX GROUP, INC. to procure new counsel.

5. No circumstances in this case would work to cause any unusual hardship on WELLNESS MATRIX GROUP, INC.

1

6. Irreconcilable differences have arisen between WELLNESS MATRIX GROUP, INC. and Law Office of Andrew S. Kanter, PLLC ("Defendant's counsel"), such that withdrawal by Law Office of Andrew S. Kanter, PLLC, as counsel in this matter is appropriate.

7. Rule 4-1.16(b), Florida Rules of Professional Conduct, states:

**When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

**(c) Compliance with Order of Tribunal.** A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

**(d) Protection of Client's Interest.** Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers and other property relating to or belonging to the client to the extent permitted by law.

8. As set forth in the foregoing paragraphs, Defendant's counsel has good cause and withdrawal in this matter can be accomplished without material adverse effect on the interests of the client. WELLNESS MATRIX GROUP, INC. was first notified of Law Office of Andrew S.

Kanter, PLLC's intent to withdraw in writing via telephonic communications through its legal counsel retained in California, William H. Dailey, on **July 1, 2020**. California counsel has been informed of any pending issues and agreed to this withdrawal on behalf of Defendant, WELLNESS MATRIX GROUP, INC.

9. Defendant's counsel certifies that while Plaintiff's counsel is not currently in agreement with his withdrawal, Kathleen Wade, Esq., confirmed via written correspondence that she was informed no later than **July 6, 2020** during a telephonic conference about the withdrawal of Defendant's counsel.

10. Defendant's counsel has complied with Local Rule 2.03(b) and Local Rule 3.01(g) to the best of his ability under the current circumstances.

11. Defendant's counsel is aware that the Court requires counsel for WELLNESS MATRIX GROUP, INC., but does not anticipate that this Defendant will hire or be able to hire new counsel in the Middle District of Florida based on his most recent communications with Defendant through California counsel. California counsel has also been provided a draft of the proposed Case Management Report and confirmed that he has made Defendant aware of any upcoming deadlines.

WHEREFORE, for the foregoing reasons, Law Office of Andrew S. Kanter, PLLC, respectfully requests this Honorable Court enter an Order permitting Law Office of Andrew S. Kanter, PLLC, to withdraw as counsel for WELLNESS MATRIX GROUP, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Richard E. Fee, Esq. and Kathleen M. Wade, Esq., FEE & JEFFRIES, P.A., 1227 N. Franklin Street, Tampa, FL 33602; rfee@feejeffries.com; kwade@feejeffries.com; bmayer@feejeffries.com; Anton Hopen, Esq., SMITH & HOPEN, P.A., 180 Pine Avenue North, Oldsmar, FL 34677; ah@smithhopen.com; intake@smithhopen.com.

**I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/ECF participants: None.

>  /s/ANDREW S. KANTER, ESQ.
>  ANDREW S. KANTER, ESQ.
>  Florida Bar No.: 0037584
>  akanter@akanterlaw.com
>  LAW OFFICE of ANDREW S. KANTER, PLLC
>  P.O. BOX 173378
>  Tampa, FL 33672
>  (813) 527-0768 TELEPHONE
>  LOCAL COUNSEL for Defendant, WMGR