UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CORONACIDE, LLC,**

**Plaintiff,**  CASE NUMBER: 8:20-cv-00816

v.

**WELLNESS MATRIX GROUP,
INC., and GEORGE TODT,**

    **Defendants.**
_____/

### PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT, WELLNESS MATRIX GROUP, INC.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, Local Rule 3.01(a), and the Court's August 25, 2020 Order [Dkt. #28] (the "August 25 Order"), Plaintiff, CoronaCide, LLC ("CoronaCide"), moves on the following grounds for entry of a clerk's default against Defendant, Wellness Matrix Group, Inc. ("Wellness Matrix"):

1. CoronaCide filed its Complaint and Demand for Jury Trial on April 8, 2020. [Dkt. #1].

2. Counsel for Wellness Matrix was permitted to withdraw in accordance with the August 25 Order.

3. The August 25 Order required Defendant Wellness Matrix to: (a) retain new counsel; and, (b) file Wellness Matrix's Certificate of Interested Persons and Corporate Disclosure Statement, by September 18, 2020.

4. Wellness Matrix violated the August 25 Order by failing to obtain new counsel, as required and also by failing to file Wellness' Certificate of Interested Persons and Corporate Disclosure Statement, both by September 18, 2020.

5. The Court's August 25 Order expressly provides that: "If Wellness Matrix fails to that comply by the September 18, 2020 deadline, **Wellness Matrix will be in a default posture**." (Emphasis added).

6. The Court's August 25 Order further provides that CoronaCide "**may then move for a clerk's default** under Federal Rule of Civil Procedure 55(a) because by not obtaining new counsel and otherwise complying with the Local Rules, Wellness Matrix has failed to 'otherwise defend' against the lawsuit." (Emphasis added).

Wherefore, CoronaCide, LLC, respectfully requests the Court enter a clerk's default against Defendant, Wellness Matrix Group, Inc., and grant such other and further relief that this Court deems just and appropriate.

**SUPPORTING MEMORANDUM OF LAW**

Rule 55 (a), Federal Rules of Civil Procedure authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend."

Here, the docket evidences that Wellness Matrix was ordered to, but did not, retain new counsel and file its Certificate of Interested Persons and Corporate Disclosure Statement, by September 18, 2020. Consequently, and pursuant to the August 25 Order, the Clerk can and should now enter a clerk's default against Wellness Matrix.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2020, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of the foregoing has been furnished via U.S. Mail to William H. Dailey, Esq., 16161 Ventura Blvd., #748, Encino, California 91436, Email: william@attorneydailey.com; via U.S. mail to Barry Migliorini, 7171 Warner Ave., Box B3, Huntington Beach, California 92647, and via U.S. Mail to George Todt, 6840 Farralone Ave, Canoga Park, CA 91303.

/s/ Richard E. Fee
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bmayer@feejeffries.com
*and*
/s/ Anton Hopen
Anton Hopen
Florida Bar No. 66877
SMITH & HOPEN, P.A.
180 Pine Avenue North
Oldsmar, Florida 34677
(813) 925-8505
ah@smithhopen.com
intake@smithhopen.com

***Counsel for Plaintiff,
CoronaCide, LLC***